# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | | |
|---|---|---|
| ANTHONY C. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.  1:11-CV-348 |
| | ) | |
| FORT WAYNE POLICE DEPARTMENT, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is Defendants' motion to strike *pro se* Plaintiff's First Request for Admissions and Third Request for Discovery (Docket # 86) on the basis they are untimely.

At the Rule 16 scheduling conference on January 19, 2012, the Court set August 20, 2012, as the last date for the completion of all discovery. (Docket # 31.)  On August 17, 2012, the Court, at Plaintiff's request, extended this deadline to October 22, 2012, cautioning the parties that no further extensions would be granted.  In that same Order, the Court reminded the parties that "[s]ince October 22, 2012, [was] the deadline for the *completion* of discovery, any discovery should be initiated at the latest, 30 days before that date." (Docket # 66); *see, e.g.*, *Shadle v. First Fin. Bank, N.A.*, No. 1:09-cv-37, 2009 WL 3787006, at \*2 (N.D. Ind. Nov. 10, 2009).  Despite this admonition, Plaintiff served and filed his First Request for Admissions (Docket # 77) on October 19, 2012, and Third Request for Discovery (Docket # 79) on October 22, 2012.[1]

---

[1] As the Court previously explained to Martin in another case (another instance when he was tardy in initiating discovery), a request for admissions is a form of discovery, *see* N.D. IND. L.R. 26-1(c), and thus governed by the discovery deadlines established by the Court. *Martin v. Teusch*, No. 1:09-cv-321, 2011 WL 2710446, at \*1 (N.D. Ind. July 12, 2011).

Defendants' motion to strike will be GRANTED, as Plaintiff fails to establish good cause

for these late filings. In defending his untimeliness, Plaintiff merely cites his busy *pro se*

litigation schedule[2] and states that Defendants were "well aware of [his] intentions" to seek

additional discovery. (Docket # 93.) He conclusorily contends as well that the requested

discovery is "vital" to his case and that granting Defendants' motion to strike would unduly

prejudice him. (Resp. 3.)

But a busy trial schedule has been determined to fall short of establishing good cause, at

least for lawyers, and by extension, *pro se* litigants. *See Gonzalez v. Ingersoll Milling Mach. Co.*,

133 F.3d 1025, 1030 (7th Cir. 1998) (denying a request for extension of time premised upon

counsel's busy trial schedule). And whether Defendants were "aware" of his intentions is

irrelevant because they clearly oppose his efforts, and besides, "a good judge sets deadlines, and

the judge has a right to assume that deadlines will be honored." *Id.* Plaintiff has had ample

opportunity (nine months) to perform discovery and has, in fact, performed some discovery. (*See*

Docket # 35, 62-65.) He fails to convincingly show why "despite his diligence, the time table

could not reasonably have been met" with respect to the discovery requests at issue here. *Range*

*v. Brubaker*, No. 3:07-cv-480, 2008 WL 5249004, at \*4 (N.D. Ind. Dec. 16, 2008).

"[P]ro se litigants are not entitled to a general dispensation from the rules of procedure or

court-imposed deadlines." *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). Particularly in this

instance, where the Court specifically cautioned Plaintiff that any discovery must be initiated at

least 30 days prior to the discovery deadline and that no further extensions would be granted. In

---

[2] Plaintiff is an experienced *pro se* litigant, having filed and prosecuted over two dozen civil cases and he has initiated several appeals to the Seventh Circuit Court of Appeals. At present, Plaintiff is prosecuting at least nine active civil rights cases.

short, Martin has not established either good cause for his delay, FED. R. CIV. P. 16(b)(4), or excusable neglect, FED. R. CIV. P. 6(b)(1)(B).

For these reasons, Defendants' motion to strike Plaintiff's First Request for Admissions and Third Request for Discovery (Docket # 86) is GRANTED.

SO ORDERED.

Enter for this 17th day of December, 2012.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge