UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ANTHONY C. MARTIN, | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:11-CV-348 RM |
| | ) | |
| FORT WAYNE POLICE DEPARTMENT, | ) | |
| *et al.*, | ) | |
| | ) | |
| *Defendant*s | ) | |

OPINION and ORDER

Anthony Martin, proceeding *pro se,* brought suit against four unnamed police officers, the Fort Wayne Police Department, the City of Fort Wayne, its Mayor, and Chief of Police under 42 U.S.C. § 1983 and state law for damages arising out of an allegedly unlawful vehicular stop, search, and seizure on March 7, 2011. The defendants moved for summary judgment and served Mr. Martin with the requisite notice for summary judgment motion, in accordance with Local Rule 56-1(f). Mr. Martin has responded, and the matter is now ripe for disposition. For the following reasons, the court grants the defendants' motion.

Summary judgment is appropriate when the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact, such that the movant is entitled to judgment as a matter of law. Protective Life Ins. Co. v. Hansen, 632 F.3d 388, 391-92 (7th Cir. 2011). The court construes the

evidence and all inferences that reasonably can be drawn from the evidence in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion can't rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing that there exists a genuine issue for trial. Anderson v. Liberty Lobby, 477 U.S. at 248.

"[T]he opponent of summary judgment need only point to evidence that can be put in an admissible form at trial, and that, if believed by the fact-finder, could support judgment in his favor. Our role…is to see if the opponent has identified such evidence in the record; in so doing, we draw all reasonable inferences and view all facts in favor of the non-moving party." Marr v. Bank of America, N,A., 662 F.3d 963, 966 (7th Cir. 2011).

Mr. Martin alleges in his second amended complaint [Doc. No. 24] that the defendants violated his rights under the First, Fourth, and Fourteenth Amendments when they "search[ed] the vehicle [he] was driving on or about March 7, 2011 without probable cause," used "unnecessary excessive force and detainment of [his] free will locomotion," and "fail[ed] to intervene when unprofessional, non-policy, wrongdoing acts [were] being conducted." He also

2

asserts claims for "harassment and vindictive behavior," retaliation, defamation, mental stress and mental anguish under state law.

The amended complaint contains the following statement of facts:

> On March 7, 2011 plaintiff was driving westbound on Masterson, when he noticed a fully marked police car sitting in the vacant lot (left side of Masterson) plaintiff reached the intersection of Masterson and Calhoun he noticed a police car now behind plaintiff. Plaintiff turned right onto Calhoun as the officer followed, plaintiff made an immediate left to go back driving westbound on W. Masterson and the fully marked police car followed. Plaintiff drove a short distance westbound on Masterson when plaintiffs vehicle he was driving that day was stormed by several fully marked police cars and a FWPD van #12026 (like something out of the movie) ordered the plaintiff out of the vehicle with their guns drawn. Plaintiff was roughly slammed into the back of the police car, searched, handcuffed, and shoved roughly into the back of the police car. The vehicle that the plaintiff was driving was searched numerous times by the officers, after a short period plaintiff was released and ordered to leave the scene or he would be arrested.

[Doc. No. 24].

The defendants moved for summary judgment on all claims, contending, among other things, that they have no record of any contact between any Fort Wayne police officer and Mr. Martin on March 7, 2011, that Mr. Martin hasn't identified the officers in question or any action, policy, or custom that would support his federal and state claims against the City of Fort Wayne, the Police Department, Mayor Henry or Police Chief York, and that they're entitled to summary judgment because Mr. Martin hasn't set forth specific facts showing that there exists a genuine issue for trial or pointed to any admissible evidence that could, if believed by the fact-finder, support judgment in his favor.

3

The defendants submitted three affidavits in support of their motion.[1] In the first, Howard Johnson, Sergeant of Internal Affairs for the Fort Wayne Police Department, attests that there are no records of any Fort Wayne police officers having contact or involvement with Anthony Martin on March 7, 2011, as evidenced by the Department's "Main Names Table" (a listing of the police department's contacts with Mr. Martin) which was attached to, and referenced in, his affidavit. (Exhs. A and A-1).

Officer Raquel Foster, the Fort Wayne Police Department's Public Information Officer, attests in the second affidavit that she was on duty on March 7, 2011, and had parked her squad car on South Calhoun Street around 11:27 a.m. while she responded to a call from Automotive Hardware Service, Inc. and attended a luncheon, and that she did not have any encounter or contact with Anthony Martin, his vehicle, or his property on that date. (Exh. B). Attached to her affidavit was a "Law Incident Table and Main Radio Log Table" documenting the incident at Automotive Hardware Service" (Exh. B-1).

In the third affidavit, Kevin Corey, a retired Captain for the Fort Wayne Police Department, attests that: "On March 7, 2011, [he] did not initiate a traffic stop involving Anthony Martin, handcuff Anthony Martin, place Anthony Martin

---

[1] The defendants also submitted a two-line excerpt from Mr. Martin's August 3, 2012 deposition, in which he says his mother owned "the Blazer" (Exh. D). This evidence relates to defendants argument regarding Mr. Martin's "reasonable expectation of privacy" and standing to challenge any search of his mother's car — an argument the court need not address in determining the propriety of summary judgment in this case.

4

in the back of a police vehicle, have physical contact with Anthony Martin, or search the vehicle Anthony Martin was driving," and did not recall "having any encounter or contact with Anthony Martin" on that date.

Mr. Martin submitted one affidavit in opposition to the defendants' motion, his own, in which he attests that:

> 1. [He is] over the age of twenty-one [and] competent to testify and ha[s] personal knowledge of all matters stated herein.
>
> 2. That on 3/7/2011, plaintiff did have an encounter with the said forth mentioned and unknown Fort Wayne police dept. officers.
>
> 3. That on 3/7/11 there was in fact excessive force used by the defendants and inflicted on plaintiff with the intent to harm plaintiff.
>
> 4. The defendants did in fact search plaintiff vehicle that he was driving unlawfully and or without probable cause.
>
> 5. The defendants did act in a revenge or a retaliatory behavior towards plaintiff on 3/7/2011.
>
> 6. That the deprivation did in fact take part near Calhoun St. and W. Masterson St. here in Fort Wayne Indiana.

[Doc. No.81].[2]

Mr. Martin hasn't presented any evidence about who attacked him, and

---

[2] The defendants' motions to strike Mr. Martin's response and affidavit are overly broad and unpersuasive. They challenge the entire affidavit rather than objectionable parts. Accordingly, the court DENIES both motions [Doc. Nos. 84 and 87].

5

can't go to trial against to the "unknown officers."[3] Copeland v. Northwestern Mem'l Hosp., 964 F.Supp. 1225, 1234 (N.D. Ill. 1997) ("Claims against unknown persons are 'meaningless and uncompensable.'"). *See also* Doe v. Blue Cross & Blue Shield United of Wisconsin, 112 F.3d 869, 872 (7th Cir. 1997); K.F.P. v. Dane County, 110 F.3d 516, 519 (7th Cir. 1997); Kennington v. Carter, 216 F.Supp.2d 856, 859 (S.D. Ind. 2002). Mr. Martin also hasn't presented any evidence identifying any action, policy, or custom that would support a claim against the City of Fort Wayne, the Police Department, Mayor Henry or Police Chief York under Monell v. New York City Department of Social Services, 436 U.S. 658 (1978), Palmer v. Marion County, 327 F.3d 588, 594 (7th Cir. 2003) (individual liability under 42 U.S.C. 1983 must be based on a finding that the defendant caused the alleged constitutional deprivation), and Jones v. City of Chicago, 856 F.2d 985, 992 (7th Cir. 1988)("supervisors must know about the conduct and faciliate it, approve it, condone it, or turn a blind eye for fear of what they might see").

Mr. Martin can't rest upon the allegations in his original and amended complaints, and had to present evidence in an admissible form that, if believed, would support judgment in his favor. Marr v. Bank of America, N,A., 662 F.3d at

---

[3] Mr. Martin's objection to the magistrate's opinion and order of November 21, 2012 denying his motion to compel [Doc. No. 95] and his motion under Rule 60(a) and (b) to remove or "re-correct" the magistrate judge's order of December 17, 2012 denying his third discovery request [Doc. No. 102] are vague, cursory, and unsupported by the law, and, accordingly, are DENIED.

966. He has not done so. Accordingly, the defendants' motion for summary judgment [Doc. No. 70] is GRANTED. The January 28, 2013 final pretrial conference and February 12, 2013 jury trial are VACATED, and the defendants' motion to continue those settings is DENIED as moot. The court also DENIES the plaintiffs' objections to the magistrate judge's orders [Doc. Nos. 95 and 102] and the defendants' motions to strike [Doc. Nos. 84 and 87].

SO ORDERED.

ENTERED:   January 25, 2013

           /s/ Robert L. Miller, Jr.
Judge
United States District Court